# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:18-cr-159 |
| v. | : | Judge Thomas M. Rose |
| DENNIS R. CAMPBELL, JR., | : | |
| Defendant. | : | |

---

### ENTRY AND ORDER DENYING, WITHOUT PREJUDICE, DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (DOC. 35)

---

This case is before the Court on Defendant's Motion for Compassionate Release (Doc. 35) (the "Motion") filed by Dennis R. Campbell, Jr. ("Campbell"). Campbell is currently incarcerated at Federal Correctional Institution ("FCI") Terre Haute in Indiana. In the Motion, Campbell asks (1) to be considered for a reduced sentence, and (2) to be considered for home confinement. (Doc. 35.) In accordance with the Court's October 16, 2020 Notation Order, the attorney appointed as Campbell's counsel for purposes of the Motion investigated whether Campbell has fulfilled the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A). In a status report, the attorney stated that FCI Terre Haute "informs counsel that Mr. Campbell has never applied for the administrative relief provided by the BOP [Bureau of Prisons] for Compassionate Release," and the status report attached an email from the BOP indicating the same. (Docs. 42, 42-1 ("We have no record of inmate Campbell submitting a petition to the Warden for Compassionate Release").) The United States of America (the "Government") filed a Response to the Motion, opposing the Motion on multiple grounds, including that Campbell has not fulfilled the exhaustion requirement

1

set forth in 18 U.S.C. § 3582(c)(1)(A).  (Doc. 43.)

First, the Court denies Campbell's request for a reduced sentence.  Section 3582(c)(1)(A) expressly provides that the Court "may not modify a term of imprisonment" upon a motion brought by a defendant until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…."  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) (if "the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf," but "[t]o do that, he must 'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison") (quoting 18 U.S.C. § 3582(c)(1)(A)) (alterations in original).[1]

The exhaustion requirement in Section 3582(c)(1)(A) is not a jurisdiction rule; it is a mandatory claim-processing rule.  *Alam*, 960 F.3d at 833-34.  A defendant will be unable to "show that exceptions to mandatory claim-processing rules—waiver or forfeiture—apply" if the Government timely objects to the defendant's failure to exhaust.  *Id.* at 834.  As the Sixth Circuit explained, "[w]hen properly invoked, mandatory claims-processing rules [like the exhaustion requirement in Section 3582(c)(1)(A)] must be enforced," and they are not subject to judge-made exceptions.  *Id.* (internal quotation marks omitted); *Ross v. Blake*, 136 S. Ct. 1850, 1856-57, 195 L. Ed. 2d 117 (2016) (a court may not excuse exhaustion requirements mandated by statute because "mandatory exhaustion statutes … establish mandatory exhaustion regimes, foreclosing judicial

---

[1] *See also Alam*, 960 F.3d at 836 ("inmates can identify the ongoing public health crisis in their initial petition to their wardens.  If that doesn't work, prisoners can pursue administrative review.  If that also comes up short (or if 30 days pass), prisoners have the option to go to federal court").

discretion"). The statute's "exhaustion requirement serves valuable purposes … and because it is mandatory" courts must enforce it.[2]  *Alam*, 960 F.3d at 832.

Here, Campbell neither claims nor offers evidence that he fulfilled 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. (*See* Docs. 35, 42.) In fact, the information provided to the Court is that he has not fulfilled that requirement. (*See* Doc. 42, 42-1.) And, the Government has timely objected to Campbell's failure to exhaust. (Doc. 43 at PAGEID # 100-02.) Therefore, the Court denies Campbell's request for compassionate release, without prejudice to refiling a motion for compassionate release after fulfilling the exhaustion requirement.

Second, to the extent that Campbell's request to be considered for home confinement is a separate request to serve the remainder of his sentence on home confinement, the Court likewise lacks the authority to grant that request and, therefore, denies it. It is not a request to modify the term of imprisonment. *See* 18 U.S.C. § 3582(c) (granting limited authority, in particular circumstances, to "modify a term of imprisonment"). Instead, in essence, Campbell is asking the Court to order the Bureau of Prisons ("BOP") to change the place where his sentence will be served from FCI Terre Haute to his home. However, it is the BOP that has the authority to determine the place of a defendant's confinement, not the courts. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …"); *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1991) ("While a judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government … and is delegated to the Bureau of Prisons") (quoting *United States v. Dragna*, 746 F.2d 457, 458 (9th

---

[2] The Sixth Circuit further explained: "Preventing prisoners from charging straight to federal court serves important purposes. It ensures that the prison administrators can prioritize the most urgent claims. And it ensures that they can investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Alam*, 960 F.3d at 835.

Cir. 1984)); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015) ("The BOP, not the court, is responsible for designating the place of a prisoner's imprisonment … [a]ccordingly, the district court did not err in concluding that it could not split [defendant's] mandatory sentence between a BOP facility and home confinement because that decision is solely confided to the BOP"). The CARES Act[3] did not change this fact. *See* CARES Act, Pub. L. No. 116-136, at Div. B., Title II, § 120003(b)(2)[4]; *United States v. Brummett*, No. 20-5626, 2020 WL 5525871, 2020 U.S. App. LEXIS 26427, at *5 (6th Cir. Aug. 19, 2020) ("to the extent that [the defendant prisoner] sought relief under the CARES Act, the district court correctly held that the authority to grant home confinement remains solely with the Attorney General and the BOP").

Given the lack of any indication that Campbell has satisfied the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A), and the Government's timely objection on that basis (*see* Doc. 43), the Court cannot grant the Motion. Therefore, the Court **DENIES** Campbell's Motion (Doc. 35) without prejudice to filing a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) after satisfying the statute's exhaustion requirement.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, December 21, 2020.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[3] The CARES Act is the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020).
[4] That provision states: "During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate."